SHEARMAN & STERLING LLP
Fredric Sosnick
Ned S. Schodek
Jordan A. Wishnew
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email:   fsosnick@shearman.com
        ned.schodek@shearman.com
        jordan.wishnew@shearman.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ——————————————— x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY CAPITAL LTD., | : | Case No. 21-10646 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Registration No. 1854518 (BVI) | : | |
| ——————————————— x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY CAPITAL CORPORATION, | : | Case No. 21-10647 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Registration No. 691512 (Canada) | : | |
| ——————————————— x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY ENERGY INTERNATIONAL LP, | : | Case No. 21-10648 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Registration No. 691092 (Canada) | : | |
| ——————————————— x | | |

```
                                                    x
                                                    :
In re                                               :          Chapter 11
                                                    :
STONEWAY ENERGY LP,                                 :          Case No. 21-10649 (___)
                                                    :
                    Debtor.                         :
                                                    :
Registration No. 691028 (Canada)                    :
                                                    x
                                                    :
In re                                               :          Chapter 11
                                                    :
STONEWAY GROUP LP,                                  :          Case No. 21-10650 (___)
                                                    :
                    Debtor.                         :
                                                    :
Registration No. 690837 (Canada)                    :
                                                    x
                                                    :
In re                                               :          Chapter 11
                                                    :
STONEWAY POWER GENERATION INC.,                     :          Case No. 21-10651 (___)
                                                    :
                    Debtor.                         :
                                                    :
Registration No. 701748 (Canada)                    :
                                                    x
```

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Stoneway Capital Ltd. ("Stoneway Capital") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing the joint administration for procedural purposes only of the Debtors' separate chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code and rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

2.      On April 7, 2021 (the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3.      Additional factual background relating to the Debtors' business, capital structure and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of David Mack in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[1], which was filed contemporaneously with this Motion and is incorporated herein by reference.

## Relief Requested

4.      By this Motion, the Debtors seek entry of an Order authorizing joint administration of these chapter 11 cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and waiving the requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and certain notices in the chapter 11 cases contain certain identifying information with respect to each Debtor.

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning set forth in the First Day Declaration.

5.      The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Stoneway Capital and that these cases be administered under the consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY CAPITAL LTD, *et al.*[2] | : | Case No. 21-10646 (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

6.      The Debtors further request that an entry be made on the docket of each of the Debtors' cases, other than Stoneway Capital Ltd., substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Stoneway Capital Ltd. and its direct and indirect debtor subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Stoneway Capital Ltd., Case No. 21-10646 (___) and such docket should be consulted for all matters affecting these chapter 11 cases.

7.      Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, on a consolidated basis; however, in doing so, the Debtors will track and break out disbursements on a debtor-by-debtor basis.

**Basis for Relief**

8.      Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the

---

[2]      The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction where they operate are:  Stoneway Capital Ltd. (4518) (BVI), Stoneway Capital Corporation (1512) (Canada), Stoneway Energy International LP (1029) (Canada), Stoneway Energy LP (1028) (Canada), Stoneway Group LP (0837) (Canada) and Stoneway Power Generation Inc. (1748) (Canada).

same court by or against a debtor and its affiliates, the court may order joint administration of the estates of the debtor and such affiliates. The Debtors in these proceedings consist of Stoneway Capital and five of its direct and indirect subsidiaries (collectively, the "Affiliated Debtors"). The Affiliated Debtors share the same direct or indirect parent. Stoneway Capital and the Affiliated Debtors, therefore, are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Consequently, joint administration of the Debtors' chapter 11 cases is appropriate pursuant to Bankruptcy Rule 1015(b).

9.      The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these chapter 11 cases will affect several of the Debtors.

10.      Joint administration also will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to (i) use a single caption on the numerous documents that will be served and filed herein and (ii) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties-in-interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before this Court in these chapter 11 cases.

11.      The rights of the respective creditors of each of the Debtors will not be affected adversely by joint administration of these chapter 11 cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each of the creditors and other parties-in-interest will retain whatever claims or rights it has against the particular estate in which it allegedly has a claim or right.

12.      A waiver of the requirements, which are contained in section 342(c)(1) of the

Bankruptcy Code and Bankruptcy Rule 2002(n), that the Debtors' caption and other notices mailed in these chapter 11 cases include the Debtors' tax identification number and other information relating to the Debtors, also is appropriate in these chapter 11 cases. Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n).[3] The Debtors submit that use of the proposed consolidated simplified caption without full registration numbers and previous names will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors and the last four digits of their registration numbers. Moreover, the full registration numbers will be listed in the notice of commencement of these chapter 11 cases, and such notice is publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed claims and noticing agent,[4] and will be provided by the Debtors upon request. A waiver of the requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) is purely procedural in nature and will not affect the rights of parties-in-interest.

13.    Accordingly, the Debtors respectfully submit that joint administration of these chapter 11 cases and waiver of the requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) is in the best interest of the Debtors, their creditors and other parties-in-interest.

### Notice

14.    Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (iii) each of the agents

---

[3]    The Debtors do not have U.S. tax identification numbers, but instead have utilized their local registration numbers in order to help parties identify each Debtor.

[4]    The Debtors have simultaneously herewith filed an application seeking to retain Prime Clerk LLC ("Prime Clerk") as their claims and noticing agent

and trustees, if applicable, of the Debtors' prepetition secured parties and each of the Company's revolving lenders; (iv) counsel to each of the ad hoc groups of the Debtor's prepetition debt, (v) the Internal Revenue Service; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**No Previous Request**</u>

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: April 7, 2021
New York, New York

**SHEARMAN & STERLING LLP**

*/s/ Fredric Sosnick*
Fredric Sosnick
Ned S. Schodek
Jordan A. Wishnew
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email:    fsosnick@shearman.com
              ned.schodek@shearman.com
              jordan.wishnew@shearman.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

SHEARMAN & STERLING LLP
Fredric Sosnick
Ned S. Schodek
Jordan A. Wishnew
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email:   fsosnick@shearman.com
         ned.schodek@shearman.com
         jordan.wishnew@shearman.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY CAPITAL LTD., | : | Case No. 21-10646 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Registration No. 1854518 (BVI) | : | |
| | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY CAPITAL CORPORATION, | : | Case No. 21-10647 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Registration No. 691512 (Canada) | : | |
| | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY ENERGY INTERNATIONAL LP, | : | Case No. 21-10648 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Registration No. 691092 (Canada) | : | |
| | x | |



|  | x |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| STONEWAY ENERGY LP, | : | Case No. 21-10649 (___) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Registration No. 691028 (Canada) | : |  |
|  | x |  |
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| STONEWAY GROUP LP, | : | Case No. 21-10650 (___) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Registration No. 690837 (Canada) | : |  |
|  | x |  |
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| STONEWAY POWER GENERATION INC., | : | Case No. 21-10651 (___) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Registration No. 701748 (Canada) | : |  |
|  | x |  |

## ORDER AUTHORIZING JOINT
## ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order"), pursuant

to section 105(a) and 342(c) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 2002(n), (i)

authorizing the joint administration of the Debtors' related chapter 11 cases; and upon the First Day

Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district

is proper pursuant to 28 U.S.C. 1408 and 1409; and it appearing that this is a core proceeding pursuant

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 157(b)(2)(A) and that this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), the above-captioned chapter 11 cases are consolidated for administrative purposes only and shall be jointly administered by this Court as Case No. 21-10646 (__).

3.      The consolidated caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ———————————————————————— x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| STONEWAY CAPITAL LTD., *et al.* [2] | : | Case No. 21-10646 (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ———————————————————————— x | | |

4.      A docket entry shall be made in each of the Debtors' chapter 11 cases, other than the docket maintained for the chapter 11 case of Stoneway Capital Ltd., substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Stoneway Capital Ltd. and its direct and indirect debtor subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Stoneway Capital Ltd., Case No. 21-10646 (___) and such docket should be consulted for all matters affecting these chapter 11 cases.

5.      The requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the chapter 11 cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all pleadings filed and each notice mailed by the Debtors a footnote listing all of the Debtors.

6.      One consolidated docket, one file and one consolidated service list shall be maintained by Stoneway Capital Ltd., or its claims agent, and kept by the clerk of the Court in these chapter 11 cases.

---

[2]      The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction where they operate are:  Stoneway Capital Ltd. (4518) (BVI), Stoneway Capital Corporation (1512) (Canada), Stoneway Energy International LP (1029) (Canada), Stoneway Energy LP (1028) (Canada), Stoneway Group LP (0837) (Canada) and Stoneway Power Generation Inc. (1748) (Canada).

7.      The Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, on a consolidated basis but shall track and break out disbursements on a debtor-by-debtor basis.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these chapter 11 cases, or creating any other implication regarding the separateness (or lack of separateness) of the Debtors' estates for any purpose.

9.      This Order shall apply to any future filing of any affiliate of the Debtors, *provided*, *however*, the Debtors shall file notice with the Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.

10.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

12.     This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.


Dated: April ___, 2021
New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE